UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elisdani M.-P., | Civ. No. 26-2825 (PAM/DLM) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Officer in Charge, Kandiyohi Co, Jail Processing Center; Field Office Director, ERO ICE Minnesota Field Office; David Venturella, Acting Director, ICE; Markwayne Mullin, Secretary, DHS; and Todd Blanche, Acting Attorney General, United States of America; | |
| Respondents. | |

This matter is before the Court on Petitioner Elisdani M.-P.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner challenges his immigration detention pending removal.  For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Cuba, who entered the United States on August 30, 2024. (Pet. (Docket No. 1) ¶ 1; Decl. of Angela Minner (Docket No. 6) Ex. D at 1.)  Immigration and Customs Enforcement ("ICE") served him with a Notice to Appear in Removal Proceedings, charging him 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not possessing "a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable travel document, or

document of identity and nationality." (Minner Decl. Ex. D at 1.)  ICE released Petitioner on humanitarian parole.  (Id.)  On April 24, 2026, his parole expired.  (Id. Ex. E.)

On May 19, 2026, Petitioner was arrested for theft and identify theft in Minnehaha County, South Dakota.  (Id. Ex. C at 1.)  ICE subsequently lodged an immigration detainer against Petitioner, issued a warrant for arrest of an alien, and detained him.  (Id. at 2.)  He remains in ICE custody in the Kandiyohi County Jail in Willmar, Minnesota.  (Pet. ¶¶ 1, 4.)  Petitioner alleges that his detention violates the Due Process Clause of the Fifth Amendment.

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release."  Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, M.J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), report and recommendation adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.).

Petitioner claims that Respondents violated his due process rights by detaining him and not affording him a bond hearing.  Petitioner repeatedly references the Fifth Circuit Court of Appeals' decision in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and various decisions from the Western District of Texas.  The Buenrostro-Mendez court determined that the government could lawfully detain aliens under § 1225(b)(2); however, § 1225(b)(2) is not at issue here.  In any event, the Court is not bound by the decisions from the Fifth Circuit.  Petitioner did not file any response to Respondents' arguments for

2

detention under § 1225(b)(1) or § 1226(c), the two independent statutory bases that mandate his detention without a bond hearing.

Section 1225(b)(1)(A)(i) dictates that arriving aliens and other aliens initially determined by an immigration officer to be inadmissible due to fraud, misrepresentation, or lack of valid documentation are to be ordered "removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." "Read most naturally, []§ 1225(b)(1) . . . mandate[s] detention of applicants for admission until certain proceedings have concluded." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). "And . . . § 1225(b)(1) . . . says [no]thing whatsoever about bond hearings." Id.

There is no dispute that Petitioner is an alien present in the United States. The record is clear that Petitioner was detained upon his entry into Texas and processed for removal as an arriving alien. Although Petitioner was released on parole, which has since expired, the law dictates that "[a]n arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the [Immigration and Nationality] Act, and even after any such parole is terminated or revoked." 8 U.S.C. § 1.2. Petitioner provides no facts demonstrating that anything has altered the Department of Homeland Security's initial determination that he is an inadmissible alien. (See Minner Decl. Ex. D at 1.) Thus, Petitioner is subject to mandatory detention under § 1225(b)(1).

Further, because Petitioner has been charged with theft under South Dakota law, 8 U.S.C. § 1226(c) also requires his detention without a bond hearing. The law requires that "[t]he Attorney General shall take into custody any alien who is charged with, is

3

arrested for, is convicted, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting," among other crimes.  8 U.S.C. § 1226(c)(1)(E).  Petitioner is charged with petty theft in the first degree under South Dakota law (Minner Decl. Ex. C at 1), as the value of the allegedly stolen property exceeds $400 but does not exceed $1,000.  S.D.C.L. 22-30A-17.2.  In South Dakota, anyone "who takes, or exercises unauthorized control over, property of another, with intent to deprive that person of the property, is guilty of theft."  S.D.C.L. 22-30A-1.  Therefore, Petitioner's arrest and pending charge satisfy the definition of "theft" under South Dakota law, and subject him to mandatory detention under § 1226(c).

The Supreme Court rejected a due process claim under § 1226(c) in Demore v. Kim, and determined that "[d]etention during removal proceedings is a constitutionally permissible part of that process."  538 U.S. 510, 531 (2003).  Petitioner argues that Mathews v. Eldridge, 424 U.S. 319 (1976), requires the Court to employ an individualized balancing test when considering his due process rights, but he is mistaken.  The Eighth Circuit has determined that "Zadvydas and Demore have already done whatever balancing is necessary" for detainment decisions.  Banyee v. Garland, 115 F.4th 928, 933 (8th Cir. 2024).  "The government can detain an alien for as long as deportation proceedings are still 'pending.'"  Id. (quoting Demore, 538 U.S. at 527).

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

4

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.      The Petition (Docket No. 1) is **DENIED**; and

2.      This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 19, 2026                                        s/ Paul A. Magnuson
                                                            Paul A. Magnuson
                                                            United States District Court Judge